# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TRAVIS GREER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-14-1066-M |
| | ) | |
| MARY FALLIN, Governor of the State of | ) | |
| Oklahoma; ROBERT PATTON, Director of | ) | |
| Oklahoma Department of Corrections, | ) | |
| and JANET DOWLING, Warden, in their | ) | |
| Individual and Official Capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Travis Greer, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983 challenging, in general, the conditions of his confinement. Chief Judge Vicki Miles-LaGrange referred this case to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Pending before the court are Plaintiff's Motion for Temporary Restraining Order (ECF No. 5); Motion to Certify Class (ECF No. 9); Motion for Fast and Speedy Trial (ECF No. 10); Motion to Supplement Motion for Speedy Trial (ECF No. 11); Motion for Emergency Temporary Restraining Order/Injunction (ECF No. 15); Motion for Default Judgment (ECF No. 18); and Motion for Entry of Default (ECF No. 24).

The undersigned magistrate judge has reviewed Plaintiff's Complaint (ECF No. 1), as required by the screening provisions of 28 U.S.C. § 1915A(a), in an attempt to identify cognizable claims. 28 U.S.C. § 1915A(b). As a result of this review, it is evident that Plaintiff has failed to state a claim upon which relief may be granted. It is therefore

recommended that Plaintiff's Complaint be **DISMISSED** without prejudice on filing for failure to state a claim upon which relief may be granted. It is further recommended that all pending motions be **DENIED** as moot.

## I.  THE COMPLAINT

Plaintiff, currently incarcerated in the James Crabtree Correctional Center (JCCC), seeks both prospective injunctive relief and monetary damages based on his allegations that Oklahoma prisons, including JCCC are overcrowded. He is seeking sweeping reforms in the Oklahoma Department of Corrections (DOC) prison system as a whole:

> Plaintiff is a penitentiary inmate who has been denied his constitutional right to a safe and healthy environment due to the deliberate indifference of the defendants. During 2014[,] about 3,100 county jail inmates were transferred to D.O.C. operated facilities, including J.C.C.C., which were already at their design capacity. This knowingly and intentionally caused critical understaffing and overcrowding which has endangered plaintiff[,] other inmates, correctional officers, staff and the public. The courts have ruled that lack of financing is no defense to constitutional violations.

(ECF No. 1:4).

Plaintiff alleges his Eighth Amendment right to "a healthy and safe living environment" has been denied to him because of the defendants' "deliberate indifference." In support of his claim, Plaintiff contends the following conditions, exist at JCCC and, he conjectures, at other facilities as well:

1. DOC Director Robert Patton made the decision to move county jail inmates into DOC facilities to save the cost of housing them in county jails, immediately causing serious problems of both understaffing and overcrowding, endangering Plaintiff's safety and creating an unhealthy environment for inmates and staff. (ECF No. 1:6).

2. Plaintiff is housed in an "open dorm" housing unit. Inmates have become under a lot of stress because 20 new inmates have been assigned to the day rooms. Inmates have to wait in line to use sinks, toilets and shower. The number of fights has increased. (ECF No. 1:7).

3. The facility has been flooded with drugs, tobacco, cell phones and weapons thrown over the outside perimeter fence into the facility. Inmates caught with such contraband are not punished by losing earned credits or by facing segregation time. (ECF No. 1:7).

4. Many inmates are injecting "bath salt" which gets them high and has very serious mind altering effects. Several inmates are generally up all night walking around. (ECF No. 1:8).

5. Although Plaintiff has not been assaulted, he notes that an inmate with obvious mental problems was housed in his open dorm until the inmate assaulted a seventy-four-year-old inmate. (ECF No. 1:8).

6. Though DOC has sought funding, the legislature and Governor Fallin have denied the requests. (ECF No. 1:9-10).

7. The disciplinary segregation unit and the protective custody unit at JCCC are filled, and there is no more room for other inmates seeking protective custody or inmates who commit serious offenses. (ECF No. 1:11).

8. Inmates are not being provided at least 60 square feet of floor space per cell for two prisoners, as required by state law. (ECF No. 1:11).

9. The fire marshal's required ratio of inmates to sinks, toilets and showers is being violated. (ECF No. 1:11).

10. At JCCC, no doctors or nurses are on duty after hours or on weekends, and inmates with serious medical needs must wait "a very long time" to be seen by a nurse or doctor. (ECF No. 1:13).

11. Because of overcrowding, inmates are angry and frustrated and sickness is more prevalent. (ECF No. 1:13).

**II.     STANDARD OF REVIEW ON SCREENING**

The court must review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28

U.S.C. § 1915A(a). The court must then identify cognizable claims and dismiss the complaint or any portion thereof that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1-2). In reviewing the sufficiency of the complaint, the court considers whether Plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570 (internal citations omitted).

All well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to Plaintiff. *Sunrise Valley, LLC v. Kempthorne*, 528 F.3d 1251, 1254 (10th Cir. 2008). A pro se plaintiff's complaint must be broadly construed under this standard. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the "broad reading" of pro se complaints dictated by *Haines* "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir 1991). The court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out

a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–1174 (10th Cir. 1997).

### III. ANALYSIS

Plaintiff has sued Defendants in their official and individual capacities. To the extent Plaintiff seeks monetary damages against Defendants in their official capacities, his claims are barred by Eleventh Amendment immunity and would be subject to dismissal even if Plaintiff had otherwise stated a viable claim for relief. Absent a specific waiver of immunity or express abrogation of the state's immunity by Congress, "[n]onconsenting States may not be sued by private individuals in federal court regardless of the relief requested." *Opala v. Watt*, 454 F.3d 1154, 1157 (10th Cir. 2006) (quotations, alterations omitted). Suits seeking "retroactive relief" against state officials in their official capacity "are deemed to be suits against the state." *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1188 (10th Cir. 1998). The State of Oklahoma has not expressly waived its Eleventh Amendment immunity to suit in federal court. *See* Oklahoma Governmental Tort Claims Act, Okla. Stat. tit. 51, § 152.1(B) (expressing the state's intent not to waive Eleventh Amendment immunity). Moreover, the Supreme Court has held that § 1983 does not abrogate state sovereign immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 71 (1989). Therefore, to the extent Plaintiff is seeking monetary damages, the official capacity claims against all Defendants should be dismissed.

Plaintiff's official capacity claims for prospective injunctive relief are not subject to automatic dismissal on filing. These claims, as well as Plaintiff's individual capacity

claims, must also be dismissed, however, because Plaintiff has failed to state an Eighth Amendment claim regarding the conditions of his confinement.

"The Eighth Amendment prohibits punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain or are grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 345-346 (1981) (internal citations and quotations omitted). Among "unnecessary and wanton" inflictions of pain are those that are "totally without penological justification." *Id.* (citing *Gregg v. Georgia*, 428 U.S. 153, 171 (1976); *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).

Prison officials violate the Eighth Amendment only when two requirements are met. "First, the deprivation alleged must be, objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834. (1994) (internal citations and quotations omitted). Second, in prison-conditions cases, prison officials must have a sufficiently culpable state of mind—"deliberate indifference" to inmate health or safety. *Wilson v. Seiter*, 501 U.S. 294, 302–303 (1991). "The second requirement follows from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Id.* at 297.

But not every injury suffered by a prisoner translates into constitutional liability for prison officials responsible for the prisoner's safety. *Farmer* at 834. The Constitution does not mandate comfortable prisons. *Rhodes* at 349. Rather, to state an Eighth Amendment claim, a prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities" *Id.* at 347.

The test used to determine whether a prison official possesses the requisite state of mind—deliberate indifference—is a subjective one:

> A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837.

None of Plaintiff's allegations rise to the level of an Eighth Amendment violation. At worst, Plaintiff has described unpleasant, perhaps even uncomfortable, conditions at JCCC. In fact, the conditions about which Plaintiff complains may be ascribed to conditions arising from prison life in general. Plaintiff has merely speculated that future harm might come to him. Moreover, Plaintiff has not described conditions at JCCC which are in any way comparable to the conditions existing in DOC facilities as described in *Battle v. Anderson*, 376 F. Supp. 402 (E.D. Oklahoma 1974), upon which Plaintiff relies. In *Battle*, the court found the conditions in the maximum security unit to be unconstitutional. The maximum security unit cells, in which inmates were held for prolonged periods, were vermin-infested with inadequate lighting. Inmates slept on mattresses placed directly on the floor or on concrete slabs. *Id.* at 412. The isolation cells were even worse. These cells were sealed off from the rest of the unit by a wall. These cells were stripped of all fixtures except latrines and faucets. They had only one small window, which could be closed to shut out all light. Inmates subjected to this

punishment could be deprived of food, clothing, bedding and necessary hygienic materials for as long as seventy-two hours. *Id.* at 413.

Moreover, even if the conditions of which Plaintiff complains could plausibly state a claim for a constitutional violation, Plaintiff does not connect any of the alleged deprivations to any actual injury to himself. *See Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010) (allegations failing to connect a constitutional deprivation to injury must be dismissed).

Finally, despite his attempt to demonstrate "personal participation" of each defendant, Plaintiff has failed. As to Defendant Dowling, Plaintiff has made no allegations tying anything she has done to prison overcrowding. As to Defendants Fallin and Patton, Plaintiff has described only discretionary actions made in the course of their employment. They would, therefore, be entitled to qualified immunity. "If qualified immunity is to mean anything, it must mean that public employees who are just doing their jobs are generally immune from suit." *Lewis v. Tripp*, 604 F.3d 1221, 1230 (10th Cir. 2010).

In sum, all claims against all defendants, in both their individual and official capacities, should be dismissed on screening for failure to state a claim upon which relief may be granted.

## RECOMMENDATION

After a thorough review of the Complaint, the undersigned recommends this action be **DISMISSED** upon screening pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; and that all of Plaintiff's pending

motions be **DENIED** as moot. In light of the foregoing recommendation, this Court's prior Order **(ECF No. 27)** is **STRICKEN** as moot.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **June 23, 2015**. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation disposes of all issues referred to the undersigned magistrate judge in the captioned matter.

**ENTERED** on June 5, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE