IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| TRAVIS GREER, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. CIV-14-1066-M |
| MARY FALLIN, et al., | ) |  |
| Defendants. | ) |  |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, has filed this 42 U.S.C. § 1983 action. Pursuant to an order entered by United States District Judge Vicki Miles-LaGrange, this matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Before the undersigned is Plaintiff's Motion Requesting Certification as Class Action with Appointment of Counsel **(ECF No. 65)**. For the reasons set forth below, the undersigned recommends that Plaintiff's requests be **DENIED**.

### I. CLASS CERTIFICATION

In order to determine whether an action should proceed as a class action, the court must determine whether the four threshold requirements of Rule 23(a) are met. *DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1194 (10th Cir. 2010). Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if (1)

> the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Plaintiff, as the party seeking class certification, "must show under a strict burden of proof that all four requirements are clearly met." *Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006)(internal quotation and citation omitted). If those requirements are met, the court must also examine whether the action falls within one of the three categories of suits set forth in Fed. R. Civ. P. 23(b).

Turning first to Rule 23(a)'s numerosity requirement, Plaintiff's contends that the "outcome will directly affect several thousand offenders, several hundred correctional officers and DOC staff members. . ." While that would obviously be a significant number of offenders, correctional officers and staff members, there is nothing to suggest that every single individual has been "seriously endangered and put in harm's way" as to implicate the Eighth Amendment. *See Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009) (noting that in order to support an Eighth Amendment deliberate indifference claim, a plaintiff must show that the harm he complains of is sufficiently serious to merit constitutional protection). Plaintiff's proposed class definition is overly broad at best. It is difficult then to conclude whether any relevant class would be so large as to make joinder impractical. However, it is unnecessary to answer that inquiry with certainty as Plaintiff fails to meet the remaining requirements of Rule 23.

Rule 23(a)(2) requires that there be questions of law or fact common to the class. As noted, Plaintiff's class definition is overly broad and would inherently include members that share absolutely no commonality. Rule 23(a)(2) is not satisfied by generalized allegations of policy failures or systemic deficiencies. *See J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280 (10th Cir. 1999). Other than being confined and/or employed at a correctional facility within the State of Oklahoma, there is no question of law or fact common to any purported class in this case. No single claim or legal issue could be resolved on a class wide basis.

Additionally, Rule 23(a)(3) requires that the claims of the representative parties be typical of the claims of the class. This standard is closely related to the test for commonality in Rule 23(a)(2). 7A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice & Procedure* § 1764. Plaintiff fails to satisfy the typicality requirement of Rule 23(a)(3) for similar reasons to his failure to satisfy the commonality requirement of (a)(2). *See Shook v. Bd. Of Cnty. Comm'rs of the Cnty of El Paso*, No. 02-cv-00651-RPM, 2006 WL 1801379, at *10 (D. Colo. June 28, 2006), *aff'd*, 543 F.3d 597 (10th Cir. 2008). Plaintiff anticipates that other inmates' claims would arise under the Eighth Amendment, as does his. However, the claims would not be based on any single course of conduct and no legal issue, if resolved, would control the claims of the class. *See id.* Thus, Plaintiff cannot meet the requirements of commonality and typicality in Rule 23(a)(2) and (3).

Finally, Rule 23(a)(4) requires that the representative party will fairly and adequately protect the interests of the class. A litigant who appears without counsel may not assert the claims of others or represent a class "because the competence of a layman is clearly too limited to allow him to risk the rights of others." *Fymbo v. State Farm Fire and CA's. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000)(internal quotation marks omitted). Plaintiff seemingly acknowledges that he cannot adequately represent a class and requests "the Court appoint interim counsel... and render its decision regarding class certification after an appropriate investigations has been concluded". (ECF No. 65:7). However, as discussed further below, this issue is moot as Plaintiff is unable to meet the remaining requirements of Rule 23(a).

## II. APPOINTMENT OF COUNSEL

Within this Motion, Plaintiff seeks appointment of counsel solely for the class. (ECF No. 65:7). If lack of counsel were the sole impediment to certification, the Court should consider a request for counsel to represent the plaintiff. *See Cruz v. Estelle*, 497 F.2d 496, 499 (5th Cir. 1974). However, because the undersigned has recommended denial of class certification, the Court should deny the Plaintiff's request for appointment of counsel.

Based on the foregoing findings, it is recommended that Plaintiff's Motion Requesting Certification as Class Action with Appointment of Counsel be **DENIED (ECF No. 65)**. Plaintiff is advised that he may file an objection to this Report and Recommendation with the Clerk of this Court by **August 25, 2016**. The Plaintiff is

4

further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **does not** dispose of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED on August 8, 2016.

*[signature]*

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE